Robertson, *et al. v.* Sloan, *et al.*

5-171                                    262 S. W. 2d 148

Opinion delivered November 23, 1953.

*Martin & Haley,* for appellant.

*Carroll C. Hollensworth,* for appellee.

George Rose Smith, J.   This appeal presents a single question: Did a certain deed executed in 1908 convey to the grantee the fee simple title to the eighty acres in controversy, or did the deed create a mere life estate in the grantee, with remainder to his bodily heirs?   The chancellor took the latter view and accordingly adjudged the land to belong to the appellees, who are the grantee's bodily heirs.

On August 10, 1908, Dixon Sloan conveyed this property to his son, David M. Sloan, "and unto his bodily, or his brothers and sisters heirs and assigns forever." When David sold the land in 1913 he purported to convey the fee simple, and by subsequent conveyances David's title has passed to the appellants.   David died in 1946,

and thereafter his children brought this action, which was transferred to equity, to recover the property.

We agree with the chancellor's conclusion that the grantor's rather awkward language amounts in substance to a conveyance to David for life, with a remainder (*a*) to David's bodily heirs, or, if David should leave no bodily heirs, then (*b*) to the heirs of his brothers and sisters. Since David was in fact survived by bodily heirs clause (*a*), had it stood alone, would have created a life estate in David with the remainder in fee to his bodily heirs. Ark. Stats. 1947, § 50-405; *Horsley* v. *Hilburn,* 44 Ark. 458.

The appellants insist, however, that the addition of clause (*b*) brings the instrument within the Rule in Shelley's Case, so that the fee simple vested in David himself. We do not find this argument convincing. In its simplest form the Rule in Shelley's Case declares that a conveyance to A for life with remainder to his heirs vests the fee in A, since the term "heirs" is treated as a word of limitation rather than as one of purchase. In more complex cases the same result is held to follow if the remainder, no matter how it may be described, is in effect a grant to the life tenant's heirs. Rest., Property, § 312, Comment *g.* No better illustration of the latter aspect of the Rule could be found than that presented by our leading case on the subject, *Hardage* v. *Stroope,* 58 Ark. 303, 24 S. W. 490. There the conveyance was to the grantee for life with remainder to her bodily heirs, but if she left no bodily heirs the property was to be divided under the law of descent and distribution. We held that this language necessarily included all the life tenant's heirs, saying: "It is obvious that the intention of the deed in question was to convey the land in question to Mrs. Carroll for life, then to her lineal heirs, and, in default thereof, to her collateral heirs; in other words, to Mrs. Carroll for life, and, after her decease, to her heirs. . . . The deed comes within the rule in Shelley's Case."

Similarly, in the case at bar the Rule comes into play only if it can be said that the remainder to the heirs of David's brothers and sisters necessarily encompassed all of David's own heirs, other than his descendants. But such an assertion cannot be maintained. In at least two respects clause (*b*) falls short of designating all persons who would inherit upon David's death without issue. First, upon David's dying without descendants his father would have stood first in the line of inheritance, and, since this particular property was ancestral, the senior Sloan would have taken the fee. Ark. Stats., § 61-110. Yet the elder Sloan would not have been an heir of David's brothers and sisters had they left children of their own. Second, the remainder to the heirs of David's brothers and sisters obviously does not include the brothers and sisters themselves, who would have taken had David left neither lineal descendants nor lineal ascendants. Ark. Stats., § 61-101. Hence clause (*b*) did not bring this deed within the Rule in Shelley's Case, and the trial court correctly held that by reason of clause (*a*) the appellees are the owners of the land.

Affirmed.